UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
WILLIAM M.,                        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 17-570 WES
                                   )
ANDREW M. SAUL,                    )
Commissioner of the Social         )
Security Administration,           )
                                   )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

    Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R&R"), ECF No. 20, which recommends that the Court deny Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 15, and grant Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 16.  Plaintiff filed a timely objection to the R&R ("Pl. Obj. to R&R"), ECF No. 21.  For the reasons that follow, the Court ACCEPTS and ADOPTS the R&R, ECF No. 20, over Plaintiff's objection, and therefore DENIES Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 15, and GRANTS Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 16.

I.  Background

The relevant facts are set forth in the R&R, and therefore are only briefly summarized here.  Plaintiff filed an application for disability insurance benefits ("DIB") in 2014, which was denied.  R&R 2.  Following a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffered from severe physical impairments based on ailments to his shoulder and back, asthma, and sleep apnea.  R&R 11.  However, the ALJ ultimately determined that Plaintiff could perform light or unskilled work and therefore was not disabled.  R&R 11.  After the Appeals Council denied Plaintiff's request for review and the decision became final, Plaintiff appealed the decision to this Court.  R&R 2.

Upon review, Magistrate Judge Almond determined that substantial evidence existed in the record to support the ALJ's findings.  R&R 2.  Specifically, he concluded that the ALJ based her findings on "competent medical opinion evidence of record, and Plaintiff has shown no error in that finding."  R&R 13.  Plaintiff filed an objection to the R&R.

II.  Standard of Review

When a party files an objection to an R&R, "the Court conducts 'a de novo determination of those portions of the R&R to which objection is made' and 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  Emissive Energy Corp. v. SPA-Simrad, Inc., 788 F. Supp.

2

2d 40, 42 (D.R.I. 2011)(brackets omitted)(quoting 28 U.S.C. § 636(b)(1)). As such, the Court reviews the decision of the Commissioner using the same standard as Magistrate Judge Almond.

Under 42 U.S.C. § 405(g), findings of fact made by the Commissioner are conclusive so long as those findings are supported by substantial evidence. The First Circuit has held that the substantial evidence standard is deferential; it requires "more than a scintilla" of evidence, but less than "a preponderance of evidence." Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018)(quoting Bath Iron Works Corp. v. U.S. Dep't of Labor, 336 F.3d 51, 56 (1st Cir. 2003). Moreover, a Commissioner's decision will not be overturned "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] decision." Id. (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

III. Discussion

Plaintiff objects to Magistrate Judge Almond's determination that substantial record evidence supports the ALJ's decision. Plaintiff argues, inter alia, that the ALJ erred in relying on the opinions of two state agency consulting physicians and discounting the opinion of Plaintiff's treating physician.[1] Pl. Obj. to R&R

---

[1] Plaintiff's second argument in his objection to the R&R depends on the success of this first argument. See Pl. Obj. to R&R 4. However, since the Court agrees with Magistrate Judge Almond's determination as to the first argument, the Court need not address

3

4. Plaintiff asserts that, based on the medical evidence, the ALJ should have found Plaintiff's residual functional capacity to be limited to sedentary work, rather than light work. Pl. Obj. to R&R 3-4.

The Court agrees with the recommendations and reasoning set forth in the R&R. First, as Magistrate Judge Almond states, Plaintiff's initial brief "does not directly challenge or ever mention the opinions of [the state agency consulting physicians]. . . or the ALJ's reliance on those opinions." R&R 12. Moreover, even considering Plaintiff's assertions concerning the state agency physicians, after careful review of the relevant materials, it is clear to the Court that substantial evidence in the record exists to support the ALJ's finding.

As the R&R sets forth, "a treating source's opinion on the question of the severity of an impairment will be given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostics techniques and is not inconsistent with other substantial evidence in the record." Bouvier v. Astrue, 923 F. Supp. 2d 336, 347 (D.R.I. 2013) (brackets omitted) (quoting Polanco-Quinones v. Astrue, 477 Fed. App'x 745, 746 (1st Cir. 2012)); see R&R 5 (citing 20 C.F.R. § 401.1527(d)(2)). It is also true that if "a treating doctor's

---

this second issue.

opinion is inconsistent with other substantial evidence in the record, the requirement of 'controlling weight' does not apply." Id. (quoting Shaw v. Sec'y of Health & Human Servs., No. 93-2173, 1994 WL 251000, at *3 (1st Cir. June 9, 1994)). Given the evidence in the record, the Court finds no error in the ALJ's weighing of medical opinions. Therefore, the Court accepts the R&R and adopts the reasoning set forth therein.

IV. Conclusion

For the reasons stated herein, the Court ACCEPTS the R&R, ECF No. 20, and adopts its reasoning over Plaintiff's objection. Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 15, is DENIED, and Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 16, is GRANTED.

IT IS SO ORDERED.

/s/ WESmith

William E. Smith
Chief Judge
Date: September 17, 2019